IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| POSITION LOGIC, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PATENT LICENSING ALLIANCE, LLC, et al.,<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br><br><br>Case No. 2:16-CV-1288 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Sanctions against counsel for Defendant Patent Licensing Alliance, LLC ("PLA"). Defendant has failed to respond to the Motion and the time for doing so has now passed. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Plaintiff filed the instant action on December 28, 2016, seeking, among other things, a declaration that its product does not infringe U.S. Patent No. 6,958,701. Defendant PLA responded to the Complaint by filing a Motion to Quash. PLA argued that Plaintiff's service of process was deficient under Rule 4 of the Federal Rules of Civil Procedure. PLA asserted, incorrectly, that PLA's registered agent was Joseph G. Pia and that Plaintiff attempted to serve process on Mr. Pia's law firm—Pia, Anderson, Moss, Hoyt, LLC ("Pia Anderson")—rather than on Mr. Pia. In response to the Motion to Quash, Plaintiff provided evidence that Pia Anderson, not Mr. Pia, was the registered agent of PLA and argued that service was proper under Rule 4. Rather than filing a reply, PLA withdrew its Motion to Quash.

## II.  DISCUSSION

Plaintiff seeks attorney's fees pursuant to 28 U.S.C. § 1927.  Section "1927 permits, but does not require, the district court to impose sanctions in the form of excess costs, expenses, and attorney's fees on '[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously.'"[1]  "[T]he power to assess costs against an attorney under § 1927 is a power that must be strictly construed and utilized only in instances evidencing a serious . . . disregard for the orderly process of justice."[2]  "[E]xcess costs, expenses, or attorney's fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."[3]  Sanctions under § 1927 "are appropriate when: (1) an attorney attempts to mislead the court; (2) an attorney intentionally acts without a plausible basis; (3) the entire course of proceedings is unwarranted; or (4) certain discovery is substantially unjustified and interposed for the purposes of harassment, unnecessary delay, and to increase the costs of litigation."[4]

Plaintiff's Motion for Sanctions is based on PLA's conduct in relation to its Motion to Quash.  PLA's Motion to Quash rested on a falsehood.  PLA argued that Mr. Pia was its registered agent and, thus, Plaintiff's attempts to effectuate service on Mr. Pia's law firm were deficient.  This is incorrect.  Mr. Pia's law firm, Pia Anderson, was at all relevant times PLA's

---

[1] *Ctr. for Legal Advocacy v. Earnest*, 89 F. App'x 192, 193 (10th Cir. 2004) (unpublished) (quoting 28 U.S.C. § 1927).

[2] *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (internal quotation marks and citations omitted).

[3] *Id.*

[4] *Ctr. for Legal Advocacy*, 89 F. App'x at 193 (citing *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998)).

registered agent. Pia Anderson is listed as PLA's registered agent in PLA's Articles of Incorporation and on the website of the Utah Division of Corporations and Commercial Code. Thus, Plaintiff's attempts to effectuate service on Pia Anderson were certainly appropriate and PLA's argument to the contrary is unavailing. Based upon this, the Court finds that counsel attempted to mislead the Court. Despite doing so, the Court finds that sanctions are not warranted here. While the factual premise supporting PLA's Motion was incorrect, its ultimate conclusion—that service was deficient—may have had merit.

Federal Rule of Civil Procedure 4(h)(1)(A) allows service "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Utah law allows service upon a limited liability company "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or other agent authorized by appointment or law to receive process."[5] Similarly, Federal Rule of Civil 4(h)(1)(B) permits service

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Plaintiff attempted to effectuate service of process by leaving the summons and Complaint with a receptionist at Pia Anderson. While Pia Anderson was PLA's registered agent, there is no evidence that the receptionist was an officer, manager or general agent, or an agent authorized to receive service of process. Indeed, in her declaration, Ms. Furner states that she

---

[5] Utah R. Civ. P. 4(d)(1)(E).

was not authorized to accept service and that she so informed the process server.[6] Based upon the record, the Court cannot conclusively determine whether service was properly effectuated. Ultimately, the Court need not decide the issue because PLA has withdrawn its Motion to Quash. By withdrawing its Motion, the Court deems PLA to have waived any defense of insufficient service of process.[7] Nevertheless, because PLA had an adequate basis to bring its Motion to Quash, even though it relied on a false premise to support that Motion, sanctions are not appropriate.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 33) is DENIED.

DATED this 27th day of March, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[6] Even if Ms. Furner was not authorized to accept service of process on behalf of PLA, someone at Pia Anderson was.  The fact that no one at Pia Anderson made any such attempts to accept service is of concern to the Court.  Utah Rule of Civil Procedure 4(d)(3)(A) states that "[a]ll parties have a duty to avoid unnecessary expenses of serving the summons and complaint." Pia Anderson certainly failed in that duty here and should take care to comply with this duty to avoid future sanctions.

[7] *See* Fed. R. Civ. P. 12(h)(1).